No. 85–1277.   SCHOOL BOARD OF NASSAU COUNTY, FLORIDA, ET AL. v. ARLINE.   C. A. 11th Cir.   Motion of respondent for leave to proceed *in forma pauperis* granted.   Certiorari granted limited to Question 1 presented by the petition.   In addition, the parties are requested to brief and argue the following question: "Whether one who is afflicted with the contagious, infectious disease of tuberculosis is precluded from being 'otherwise qualified' for the job of elementary-school teacher, within the meaning of § 504 of the Rehabilitation Act of 1973, 29 U. S. C. § 794?"

JUSTICE STEVENS, dissenting.

The Court of Appeals remanded this case for further proceedings, and concluded its opinion as follows:

"In this case, the district court made no findings resolving the numerous factual disputes as to whether the risks entailed in retaining Arline in her elementary school position precluded her from having the necessary physical qualifications for the job, whether the same would be true if she were transferred to a position teaching less susceptible individuals, or whether the costs involved in accommodating her would place undue burdens on the school system.   Rather, it simply concluded that the school board was exempt from any duty whatever to weigh the actual costs and risks involved in accommodating Arline because of an overriding 'duty to the public it serves.' Section 504 by its existence establishes that such a duty cannot be used to shield an entity from liability for making decisions which 'arbitrarily deprive genuinely qualified handicapped persons of the opportunity to participate in a covered program.' *Southeastern Community College* [v. *Davis*, 442

U. S. 397, 412 (1979)]. We therefore remand this case for further findings as to whether the risks of infection precluded Mrs. Arline from being 'otherwise qualified' for her job and if so whether it was possible to make some reasonable accommodation for her in that teaching position, in another position teaching less susceptible individuals, or in some other kind of position in the school system." 772 F. 2d 759, 765 (CA11 1985) (footnotes omitted).

In my opinion, it is inappropriate for this Court to direct the parties to present argument on the "otherwise qualified" issue before the District Court has an opportunity to make the findings ordered by the Court of Appeals. It is especially inappropriate because petitioner did not seek review on that issue. Accordingly, I respectfully dissent.